EXHIBIT 2

NORTH CAROLINA

FILED IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

WILKES COUNTY

2018 NOV 20 P 5: 00    18 CVS 1326

PHIL & PHIL, LLC,
    Plaintiff,

v.

LEATHERWOOD MOUNTAINS
PROPERTY OWNERS
ASSOCIATION, INC.,
    Defendant.

WILKES CO., C.S.C.

BY

**COMPLAINT**
**Jury Trial Demanded**

1.     Plaintiff Phil & Phil LLC ("P&P") brings this complaint against Defendant Leatherwood Mountains Property Owners Association, Inc. ("POA") for: (1) infringement of P&P's registered service mark in violation of Chapter 80 of N.C.G.S., (2) federal unfair competition in violation of 15 U.S.C. § 1125(a); (3) unfair and deceptive trade practices in violation of §75-1.1 of the North Carolina General Statutes; and (4) service mark infringement and unfair competition in violation of the common law of North Carolina and other common law.

## INTRODUCTION

P&P alleges as follows:

2.     P&P brings this lawsuit to protect the goodwill that it has developed in its registered **LEATHERWOOD MOUNTAINS** service mark. P&P has used and is using its **LEATHERWOOD MOUNTAINS** service mark in connection with its real estate brokerage and real estate management services relating to real estate located in Leatherwood Mountains development in Wilkes County, North Carolina. P&P has spent considerable time and resources developing and protecting its distinctive service mark, and the goodwill associated with the mark is of vital importance to P&P's operations.

3.     Leatherwood Mountains Property Owners Association, Inc, a North Carolina Non-Profit Corporation, with an address of 1728 Winkler Street, Wilkesboro, NC 28697 has begun providing real estate rental and sale listings on its website in direct competition with P&P.

4.     POA's unlawful use of P&P's **LEATHERWOOD MOUNTAINS** service mark poses a substantial likelihood of customer confusion as to the origin, affiliation, or sponsorship

of POA's real estate services. Unless POA's activities are enjoined, P&P will be irreparably harmed by the apparent association of services advertised by POA with those of P&P.

## THE PARTIES

5.      Plaintiff P&P is a limited liability company organized under the laws of North Carolina is in good standing and engaged in the business of real estate brokerage, offering rentals and sales within the Leatherwood Mountains development near Ferguson, North Carolina and having a principal place of business at 512 Meadow Rd., Ferguson, NC 28624-9017.

6.      On information and belief, POA is a North Carolina Non-Profit Corporation with its principal place of business in Wilkesboro, North Carolina. POA's members are owners of property within LEATHERWOOD MOUNTAINS.

7.      On information and belief, POA conducts business in commerce in this County, the claims alleged herein arise from POA's acts or omissions in this County, POA has purposefully directed its activities to residents in this County, and POA's acts or omissions have damaged P&P and its property in this County.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action and personal jurisdiction of the parties pursuant to N.C.G.S. §1-75.4(1)(c) because the parties are both domestic corporations

9.      Venue in this court is proper under N.C.G.S. §1-79 because both parties have their principal offices located in Wilkes County, North Carolina

## FACTS GIVING RISE TO THIS ACTION

10.     LEATHERWOOD MOUNTAINS property development was conceived and begun by Richard B. Johnston, Jr. He began operations as the Declarant for the development using the company name Leatherwood Properties, but marketing the property and offering real estate sales, rental, and brokerage services as LEATHERWOOD MOUNTAINS at least as early as 1985. No one had used the phrase LEATHERWOOD MOUNTAINS to refer to the property now known as LEATHERWOOD MOUNTAINS or the area now occupied by LEATHERWOOD MOUNTAINS before Mr. Johnston started the development; he coined the

name LEATHERWOOD MOUNTAINS for the real estate development as a mark that would be inherently distinctive.

11.     Leatherwood Properties was succeeded by Mountain Resource Company in the business of offering real estate sales, rentals and brokerage services in connection with LEATHERWOOD MOUNTAINS and the logo service mark.  In 2007 Mountain Resource Company conveyed its Leatherwood Mountains associated businesses, which included the service mark and goodwill associated therewith, to Plaintiff P&P. Since 1985 no one except P&P and its predecessors in interest has used the mark LEATHERWOOD MOUNTAINS in connection with real estate sales, rentals and brokerage services until the POA began its infringement.  A true and correct copy of the assignment document from Mountain Resource Company to P&P is attached hereto as Exhibit 1.

12.     A true and correct copy of North Carolina state service mark Registration Certificate No. T-22,859 evidencing P&P's Registration of the LEATHERWOOD MOUNTAINS mark, is attached hereto as Exhibit 2.

13.     A true and correct copy of North Carolina state service mark Registration Certificate No. T-22,852 evidencing P&P's Registration of the mark in a stylized form is attached hereto as Exhibit 3.

14.     P&P is well-known by its **LEATHERWOOD MOUNTAINS** service mark. **LEATHERWOOD MOUNTAINS** is intended to and does distinguish P&P's services from those offered by its competitors.

15.     P&P has used the **LEATHERWOOD MOUNTAINS** mark in commerce in North Carolina and interstate commerce for a substantial period, and has acquired a valuable reputation and good will among the public as a result of the association between its services and the mark.  If the LEATHERWOOD MOUNTAINS mark were alleged to be geographically descriptive, the mark has secondary meaning and thus is a strong and enforceable mark.

16.     Examples of marketing and customer service materials that incorporate P&P's **LEATHERWOOD MOUNTAINS** service mark are attached hereto as Exhibit 4.

17.     POA has not traditionally been a competitor to P&P, and has used the name LEATHERWOOD MOUNTAINS and the logo in connection with providing the services of the property owners association to those existing property owners.  However, POA has recently allowed property owners in LEATHERWOOD MOUNTAINS to add links to the POA's website

to listings offering sales or rentals of the homeowners' property within LEATHERWOOD MOUNTAINS. P&P has advised POA, including the directors of POA's Board of P&P's exclusive rights to the use of the service marks in connection with real estate brokerage and real estate management services relating to real estate located in Leatherwood Mountains development in Wilkes County, North Carolina. Despite these warnings, on Tuesday, November 6, 2018, the POA actively solicited the addition of such listings in an email to property owners that said "Please check the Leatherwood Homes, Lots & Vacation Rentals page. If you have your house for sale or for rent and they are not mentioned on the website, please contact us to have your property link to be included."

18.     POA's website prominently incorporates P&P's **LEATHERWOOD MOUNTAINS** service mark in exact duplication, together with the use of a round mountain scene logo, which bears a strong resemblance to P&P's logo as identified in North Carolina registration No. T-22852. A true and accurate representation of POA's website is attached hereto as Exhibit 5.

19.     POA's offering of real estate for sale or rent within LEATHERWOOD MOUNTAINS unfairly trades upon the goodwill that P&P has established in its **LEATHERWOOD MOUNTAINS** service mark. POA's continuing and willful infringement of P&P's mark to promote closely related services creates a strong likelihood of confusion, and causes customers, potential customers, the public, and the trade to believe mistakenly that POA is affiliated with, connected with, sponsored by, approved by, or otherwise associated with P&P, and that the real estate sale and rental links on the POA's website are authorized by, supplied by, licensed by, or otherwise associated with P&P.

20.     The resulting harm to P&P's good will is acute, as the reputation that P&P has developed through the use of its mark is now in the hands of persons to whom P&P gave no authorization and over whom P&P has no control.

## COUNT I
## INFRINGEMENT OF NORTH CAROLINA
## SERVICE MARK REGISTRATION NO. T-22,859

21.     P&P specifically realleges and incorporates by reference each and every allegation contained in paragraphs 1-20 above.

22.     P&P is engaged in the business of offering real estate brokerage and real estate

management services relating to real estate located in Leatherwood Mountains development in Wilkes County, North Carolina under the Service mark LEATHERWOOD MOUNTAINS. A photograph of P&P's website showing the service mark LEATHERWOOD MOUNTAINS is attached hereto as Exhibit 4.

23. By virtue of the fine quality of P&P's services, and as a result of P&P's extensive sales and advertising, P&P's services have met with popular approval and the name LEATHERWOOD MOUNTAINS has come to mean and is understood to mean in Wilkes County and throughout the United States in connection with real estate sales, rentals and brokerage services relating to real estate in Leatherwood Mountains, P&P and P&P's services only. The mark LEATHERWOOD MOUNTAINS is a mark by which the services of the P&P are distinguished from other services of the same class.

24. P&P, after due and proper proceedings, is the owner of North Carolina service mark Registration No. T-22,859 of the LEATHERWOOD MOUNTAINS, for the service mark LEATHERWOOD MOUNTAINS, issued by the State of North Carolina on January 30, 2018. Said registration is valid and subsisting, un-cancelled and unrevoked, and P&P is the owner thereof. A copy of said registration is attached hereto as Exhibit 2, and incorporated herein by reference.

25. Upon information and belief, within the last few days and with full knowledge of P&P's services and the P&P's exclusive rights to the service mark LEATHERWOOD MOUNTAINS, POA has unveiled a revised website prominently displaying the words "LEATHERWOOD MOUNTAINS" and offering real estate for sale or rent within LEATHERWOOD MOUNTAINS. A photocopy of POA's web page displaying listings of real estate for sale or rent within LEATHERWOOD MOUNTAINS under the mark "LEATHERWOOD MOUNTAINS" is attached hereto as Exhibit 5.

26. POA, upon information and belief, began offering the complained-of services in connection with the name "LEATHERWOOD MOUNTAINS" as a service mark for its services with full knowledge of the prior and extensive use by P&P of the service mark LEATHERWOOD MOUNTAINS. POA's use of the designation LEATHERWOOD MOUNTAINS to offer real estate for rent or sale is without license or consent of P&P.

27. As a result of POA's use of "LEATHERWOOD MOUNTAINS" on its services, purchasers are likely to be confused, to be mistaken or to be deceived as to the source or origin of

the services advertised by POA. Customers and potential customers for real estate sales, rentals or brokerage services are likely to believe that POA's services bearing the "LEATHERWOOD MOUNTAINS" mark are P&P's, thereby resulting in a loss of sales, rental income, commissions and other revenue to P&P.

28.     P&P has no control over the quality of the services advertised by POA, and because of the confusion engendered by POA as to the source, P&P's valuable goodwill in respect to its aforesaid service mark is at the mercy of POA.

29.     The use by POA of the "LEATHERWOOD MOUNTAINS" service mark to offer the rental or sale of real estate will likely cause confusion, mistake and/or deception of purchasers as to the source or origin of its services in violation of N.C.G.S. §80-11(1).

30.     The infringement by the POA has been willful and deliberate, designed specifically to trade upon the enormous goodwill associated with P&P's service mark.

31.     The name LEATHERWOOD MOUNTAINS that POA is using to offer real estate for rent or sale is identical to P&P's registered service mark LEATHERWOOD MOUNTAINS, and is used on substantially identical services, and is an infringement thereof in violation of N.C.G.S. §80-11(2).

32.     Unless restrained by this Court, POA will continue to infringe P&P's registered service mark to P&P's irreparable injury.

**COUNT II**
**INFRINGEMENT OF NORTH CAROLINA**
**SERVICE MARK REGISTRATION NO. T-22,852**

33.     P&P specifically realleges and incorporates by reference each and every allegation contained in paragraphs 1-32 above.

34.     P&P is engaged in the business of offering real estate brokerage and real estate management services relating to real estate located in Leatherwood Mountains development in Wilkes County, North Carolina under the Service mark LEATHERWOOD MOUNTAINS in a logo form. A photograph of P&P's website showing the service mark LEATHERWOOD MOUNTAINS in its logo form is attached hereto as Exhibit 4.

35.     By virtue of the fine quality of P&P's services, and as a result of P&P's extensive sales and advertising, P&P's services have met with popular approval and the name

LEATHERWOOD MOUNTAINS has come to mean and is understood to mean in Wilkes County and throughout the United States in connection with real estate sales, rentals and brokerage services, P&P and P&P's services only. The mark LEATHERWOOD MOUNTAINS is a mark by which the services of the P&P are distinguished from other services of the same class.

36.    P&P, after due and proper proceedings, is the owner of North Carolina service mark Registration No. T-22,852, issued by the State of North Carolina on January 30, 2018. Registration No. T-22,852 describes the trademark as a logo showing "A BALLOON SHAPED SYMBOL SHOWING IN SILHOUETTE FASHION, THREE MOUNTAIN RANGES. THE CLOSEST MOUNTAIN RANGE IS DARK GREEN WITH THE BOTTOM EDGE BEING DANGLING INTO WHITE. THE NEXT RANGE IS LIGHT GREEN. THE THIRD RANGE IS PURPLE. ABOVE THE LAST RANGE IS BLUE SKY TO FILL THE TOP PORTION OF THE BUBBLE OR BALLOON. THE WORDS 'LEATHERWOOD MOUNTAINS' IS INCLUDED AT THE BOTTOM OF THE BALLOON SHAPE," (hereinafter referred to as the logo service mark)  The specimen submitted to the North Carolina Department of the Secretary of State in support of the registration shows the logo service mark as:



Said registration is valid and subsisting, un-cancelled and unrevoked, and P&P is the owner thereof.  A copy of said registration is attached hereto as Exhibit 2, and incorporated herein by reference.

37.    Upon information and belief, within the last few days and with full knowledge of P&P's services and the P&P's exclusive rights to the trademark LEATHERWOOD MOUNTAINS, POA has unveiled a revised website prominently displaying the words "LEATHERWOOD MOUNTAINS" and offering real estate for sale or rent within LEATHERWOOD MOUNTAINS.  A photocopy of POA's web page displaying listings of real estate for sale or rent within LEATHERWOOD MOUNTAINS under the mark

"LEATHERWOOD MOUNTAINS and logo" is attached hereto as Exhibit 5. The POA logo was designed to "compliment the historical logo" so it bears many similarities to P&P's registered logo service mark and appears as:



38.     POA, upon information and belief, began offering the complained-of services in connection with the name "LEATHERWOOD MOUNTAINS and logo" as a trademark for its services with full knowledge of the prior and extensive use by P&P of the service mark LEATHERWOOD MOUNTAINS. POA's use of the designation LEATHERWOOD MOUNTAINS to offer real estate for rent or sale is without license or consent of the P&P.

39.     As a result of POA's use of "LEATHERWOOD MOUNTAINS and logo" on its services, purchasers are likely to be confused, to be mistaken or to be deceived as to the source or origin of POA's services. Purchasers are likely to believe that POA's services bearing the "LEATHERWOOD MOUNTAINS and logo" mark are P&P's, thereby resulting in a loss of sales, rentals, commissions, and other revenue to P&P.

40.     P&P has no control over the quality of the services sold by POA, and because of the confusion engendered by POA as to the source, P&P's valuable goodwill in respect to its aforesaid service mark is at the mercy of POA.

41.     The use by POA of the "LEATHERWOOD MOUNTAINS" service mark to offer the rental or sale of real estate will likely cause confusion, mistake and/or deception of purchasers as to the source or origin of its services in violation of N.C.G.S §80-11(1).

42.     The infringement by the POA has been willful and deliberate, designed specifically to trade upon the enormous goodwill associated with P&P's logo service mark.

43.     The mark LEATHERWOOD MOUNTAINS and logo that POA is using to offer real estate for rent or sale is confusingly similar to P&P's registered logo service mark, and is used on substantially identical services, and is an infringement thereof.  Unless restrained by this Court, POA will continue to infringe P&P's registered service mark to P&P's irreparable injury.

44.     POA's colorable imitation of the "LEATHERWOOD MOUNTAINS" service mark to offer the rental or sale of real estate will likely cause confusion, mistake and/or deception of purchasers as to the source or origin of its services in violation of N.C.G.S. §80-11(2).

### COUNT III
### FEDERAL UNFAIR COMPETITION

45.     P&P specifically realleges and incorporates by reference each and every allegation contained in paragraphs 1-44 above.

46.     By using the **LEATHERWOOD MOUNTAINS** service mark and the logo service mark, and by committing other acts, POA is engaging in false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125.

47.     POA's use of the **LEATHERWOOD MOUNTAINS** service mark and the logo service mark is calculated to cause actual confusion and is likely to cause confusion or to cause mistake or to deceive consumers, as to the affiliation, connection, or association of POA with P&P, or as to the origin, sponsorship, or approval of POA's advertised services or commercial activities by P&P.

48.     Upon information and belief, POA has adopted and used, and is continuing to use, the **LEATHERWOOD MOUNTAINS** service mark and the logo service mark with knowledge of, and in disregard of, P&P's prior rights.

49.     Upon information and belief, POA's acts relating to the use of the **LEATHERWOOD MOUNTAINS** service mark and the logo service mark have been committed in bad faith and with the intent to cause confusion, to cause mistake, and/or to deceive.

50.     P&P's remedy at law is not adequate to address POA's unfair competition. P&P has been, and absent injunctive relief, will continue to be, irreparably harmed by POA's actions. P&P is therefore entitled to injunctive relief against POA.

51.     As a result of POA's wrongful acts related to the use of the **LEATHERWOOD MOUNTAINS** service mark and the logo service mark, P&P has suffered and will continue to

suffer losses, including of valuable business opportunities, and, if not enjoined, POA will have unfairly diverted and will continue to unfairly divert income, profits and business opportunities as a result of its wrongful acts.

52.     P&P is also entitled to damages, trebled, and to reasonable attorney's fees and costs as a result of POA's willful conduct, pursuant to 15 U.S.C. §1117.

## COUNT IV
## STATE UNFAIR AND DECEPTIVE TRADE PRACTICES

53.     P&P specifically realleges and incorporates by reference each and every allegation contained in paragraphs 1-52 above.

54.     The POA's actions, as set forth herein, are in and affecting commerce within and without the State of North Carolina.

55.     By using the **LEATHERWOOD MOUNTAINS** mark and the logo service mark, and infringing on P&P's rights in violation of N.C.G.S. §80-11, POA is engaging in unfair and deceptive trade practices, and is causing proximate injury to P&P, in violation of N.C.G.S. §75-1.1 of the North Carolina General Statutes.

56.     POA's use of the **LEATHERWOOD MOUNTAINS** mark and the logo service mark is intentional, deliberate and in bad faith because the POA has adopted and used, and is continuing to use, the **LEATHERWOOD MOUNTAINS** service mark and the logo service mark with knowledge of, and in disregard of, P&P's prior rights.

57.     POA's actions, as set forth herein, have the tendency to deceive the public into believing that P&P's  services and goodwill is actually those advertised by the  POA and in other ways and means to be proven at trial.

58.     POA's actions, as set forth herein, are unfair because it uses the mark and logo service mark to divert sales away from P&P and in other ways and means to be proven at trial.

59.     POA's actions, as set forth herein, offend established public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers as described herein.

60.     P&P's remedy at law is not adequate to protect P&P against POA's wrongful conduct. P&P has been, and absent injunctive relief, will continue to be,irreparably harmed by POA's actions.

61.     P&P is entitled to recover from POA the diverted profits and damages that P&P has sustained from POA's conduct, trebled pursuant to §75-16 of the North Carolina General Statutes, the costs of the action, and, because POA's violation has been willful, reasonable attorney's fees pursuant to §75-16.1 of the North Carolina General Statutes.

## COUNT V
## COMMON LAW SERVICE MARK INFRINGEMENT
## AND UNFAIR COMPETITION

62.     P&P specifically realleges and incorporates by reference each and every allegation contained in paragraphs 1-61 above.

63.     P&P has valid and subsisting rights in its **LEATHERWOOD MOUNTAINS** mark and the logo service mark and P&P has priority over POA's use of that mark.

64.     By using the **LEATHERWOOD MOUNTAINS** mark and the logo service mark in its advertising, and by committing other acts in or affecting commerce in North Carolina and elsewhere, POA is engaging in service mark infringement and unfair competition in violation of North Carolina common law and other common law.

65.     As a direct and proximate result of POA's unlawful acts, P&P has suffered and will continue to suffer injury to its business, goodwill and property in an amount not presently known.

66.     POA is using the **LEATHERWOOD MOUNTAINS** mark and the logo service mark with actual knowledge of P&P's prior rights, with the intent to cause confusion, and in bad faith in violation of the common law of trademarks and service marks, which is preserved under N.C.G.S §80-13.

67.     P&P has been, and absent injunctive relief, will continue to be, irreparably harmed by POA's actions. P&P is entitled to recover from POA the diverted profits and damages that P&P has sustained from POA's conduct, and the costs of the action including attorneys' fees.


## PRAYER FOR RELIEF

**WHEREFORE,** P&P prays the Court as follows:

1.     That the Court enter an Order adjudging that POA is engaging in the acts of state service mark infringement, federal unfair competition, state unfair competition and deceptive

trade practices, and common law service mark infringement and unfair competition, as alleged herein;

2.     That the Court enter a preliminary and permanent injunction enjoining POA, and its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, as follows:

(a)     requiring POA to immediately cause the removal of any and all listings of real estate for rental or sale in Leatherwood Mountains in connection with the **LEATHERWOOD MOUNTAINS** mark from any and all websites and any other materials on which the mark appears;

(b)     prohibiting POA from using in the future the **LEATHERWOOD MOUNTAINS** mark or any trademark, service mark, corporate name, trade name, fictitious name, d/b/a name, logo, domain name, or other indicia of origin for real estate brokerage services, real estate management services or the offering of or listing of real estate for rent or sale in Leatherwood Mountains that is confusingly similar to the LEATHERWOOD MOUNTAINS mark;

(c)     prohibiting POA from otherwise competing unfairly with P&P or deceiving consumers or others by:

(i) trading upon P&P's goodwill and business reputation,

(ii) misappropriating P&P's rights in the **LEATHERWOOD MOUNTAINS** mark or logo service mark,

(iii) stating or suggesting that its operations or services are related to or connected with P&P or P&P's operations and services, or

(iv) disparaging P&P or any of its agents, officers or employees for asserting the rights asserted in this complaint.

3.     That the Court enter an Order requiring POA to file with this Court and to serve on P&P, within thirty (30) days after entry of the requested injunction, a report in writing and under oath setting forth in detail the manner in which POA has complied with the injunction;

4.     That P&P recover from POA its damages and diverted profits as a judgment against POA in an amount to be determined at trial for POA's violations of 15 U.S.C. Section 1125(a), and for POA's state unfair competition, deceptive trade practices, and common law service mark infringement;

5.     That P&P recover treble damages as a judgment against POA pursuant to the

Lanham Act and §75-16 of the North Carolina General Statutes;

      6.     That P&P recover its costs and reasonable attorney's fees from POA pursuant to the Lanham Act and §75-16.1 of the North Carolina General Statutes; and

      7.     That P&P receive such other and further relief as the Court deems just and proper.

### Demand For Trial By Jury

Pursuant to Rule 38(b) of the Rules of Civil Procedure, P&P demands a trial by jury of any issue triable of right by a jury.

This the 20th day of November, 2018.

Jay Vannoy, N.C. State Bar No. 19313
Vannoy, Colvard, Triplett & Vannoy, PLLC
Post Office Box 1388
North Wilkesboro, NC 28659
Telephone: (336) 667-7201
Fax: (336) 838-7250

Lee C. Bentley, N.C. State Bar No. 18910
Vannoy Colvard Triplett & Vannoy, PLLC
P.O. Box 1388
North Wilkesboro, NC 28659
Telephone: (336) 667-7201
Fax: (336) 838-7250

s/ HOWARD A. MACCORD, JR. by:
Howard A. MacCord, Jr., N.C. State Bar No. 15,679
MACCORD MASON PLLC
P.O. Box 2974
Greensboro, NC27401
Telephone: (336) 273-4422
Fax (336) 271-2830

      ATTORNEYS FOR PLAINTIFf

NORTH CAROLINA

WILKES COUNTY

**VERIFICATION**

**PHIL WHITSON,** being first duly sworn, deposes and says that he has read the foregoing COMPLAINT; that he is the Managing Member of the plaintiff limited liability company; that he has the authority to make this verification; and he acknowledges that he has done so as an act of the plaintiff limited liability company.

_____
Phil Whitson, Managing Member

SUBSCRIBED and SWORN to before me,
this the 20th day of November, 2018.

_____
_Signature of Notary Public_

_____
_Printed Name of Notary Public_

My Commission Expires: 10|22|22

## BILL OF SALE

THIS BILL OF SALE, made effective as of this 29th day of September, 2007, by and between Mountain Resources Company, a North Carolina corporation ("Seller"), and Phil & Phil, LLC, a North Carolina limited liability company ("Purchaser").

For and in consideration of TEN AND NO/100 ($10.00) DOLLARS and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and confirmed, subject to all of the matters set forth or referred to herein, has BARGAINED, SOLD AND DELIVERED, and by these presents does BARGAIN, SELL AND DELIVER, unto Purchaser, all of its rights, title and interest in and to all of the following:

1. 100% of the stock of Leatherwood Rentals, Inc., a North Carolina corporation, will be transferred by a signed stock certificate by Richard B. Johnston, Jr. acting in his personal capacity.

2. All equipment, appliances, furniture, furnishings, carpeting, heating, lighting, plumbing, water, sewer, ventilating, electrical, gas, air conditioning, communication, fire protection, security and life/safety fixtures, equipment and systems, hot water heaters, furnaces, heating controls and motors, incinerating, disposal, cleaning, maintenance, janitorial, landscaping equipment, vehicles, and other personalty owned by Leatherwood Rentals, Inc. and located on, attached to or used in connection with the ownership, maintenance or operation of the real property described or referred to on the deed being made contemporaneously herewith which includes the old log house commonly referred to as the Leatherwood Welcome Center (collectively, the "Personalty"), including, but not limited to, the 2003 Chevrolet Astro Van owned by Leatherwood Rentals, Inc.; which shall be conveyed subject to the existing lien thereon with First Citizens which responsibility to pay is accepted by Purchaser. It is understood and agreed that some of the above or similar items items are leased, rather than owned. In those cases, the lease will be assigned. Nothing herein requires the passing of title to any item not owned.

3. The trademark "Leatherwood Mountains" (US Reg. No. 3,258,385).

4. Seller does hereby warrant and defend its title to the Personalty unto Purchaser against claims of those persons lawfully claiming by, through or under Seller.

**SELLER**:

Mountain Resources Company, a North Carolina corporation

By:_____
Name: _____
Title: _____

Ex. 1

# STATE OF
# NORTH
# CAROLINA



T-22869

Department of the
Secretary of State

## CERTIFICATE OF REGISTRATION

*WHEREAS application has been made by PHIL & PHIL, LLC, A LIMITED LIABILITY COMPANY, whose business address is 512 MEADOW RD, FERGUSON, NC 28624-9017 for registration of a certain SERVICE MARK described as follows:*

### LEATHERWOOD MOUNTAINS

*a reproduction of which is attached to this certificate and claimed by applicant to have first been used anywhere on JUNE 1, 1985, and first used in North Carolina on JUNE 1, 1985, and which is still in use in this State to identify and distinguish the SERVICES of the applicant described as follows:*

### REAL ESTATE BROKERAGE AND REAL ESTATE MANAGEMENT SERVICES RELATING TO REAL ESTATE LOCATED IN LEATHERWOOD MOUNTAINS DEVELOPMENT IN WILKES COUNTY, NORTH CAROLINA

### International Class 36, INSURANCE AND FINANCIAL

*WHEREAS said application has been examined and found to comply with the requirements of the North Carolina Trademark Registration Act.*

*NOW, THEREFORE I, Elaine F. Marshall, Secretary of State of the State of North Carolina, do hereby certify that the said mark has been duly registered for a period of ten years from the date of this certificate.*

*IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal in Raleigh, NC.*

*This the 29th day of March, 2018.*



*Elaine F. Marshall*

Secretary of State

STATE OF NORTH CAROLINA
Department of the Secretary of State

# LEATHERWOOD MOUNTAINS

ATTACHED SPECIMEN OF THE MARK AS ACTUALLY REGISTERED

# STATE OF NORTH CAROLINA



T-22852

Department of the
Secretary of State

### CERTIFICATE OF REGISTRATION

*WHEREAS application has been made by PHIL & PHIL, LLC, A LIMITED LIABILITY COMPANY, whose business address is 512 MEADOW RD, FERGUSON, NC 28624-9017 for registration of a certain SERVICE MARK described as follows:*

*A BALLOON SHAPED SYMBOL SHOWING IN SILHOUETTE FASHION, THREE MOUNTAIN RANGES. THE CLOSEST MOUNTAIN RANGE IS DARK GREEN WITH THE BOTTOM EDGE BEING DANGLING INTO WHITE. THE NEXT RANGE IS LIGHT GREEN. THE THIRD RANGE IS PURPLE. ABOVE THE LAST RANGE IS BLUE SKY TO FILL THE TOP PORTION OF THE BUBBLE OR BALLOON. THE WORDS "LEATHERWOOD MOUNTAINS" IS INCLUDED AT THE BOTTOM OF THE BALLOON SHAPE.*

*a reproduction of which is attached to this certificate and claimed by applicant to have first been used anywhere on JUNE 1, 1985, and first used in North Carolina on JUNE 1, 1985, and which is still in use in this State to identify and distinguish the SERVICES of the applicant described as follows:*

*REAL ESTATE BROKERAGE AND REAL ESTATE MANAGEMENT SERVICES RELATING TO PROPERTIES THAT ARE LOCATED IN LEATHERWOOD MOUNTAINS DEVELOPMENT IN WILKES COUNTY, NC*

*International Class 36, INSURANCE AND FINANCIAL*

*WHEREAS said application has been examined and found to comply with the requirements of the North Carolina Trademark Registration Act.*

*NOW, THEREFORE I, Elaine F. Marshall, Secretary of State of the State of North Carolina, do hereby certify that the said mark has been duly registered for a period of ten years from the date of this certficate.*

*IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal in Raleigh, NC.*

*This the 29th day of January, 2018.*



*Elaine F. Marshall*

Secretary of State

# STATE OF NORTH CAROLINA
## Department of the Secretary of State



**ATTACHED SPECIMEN OF THE MARK AS ACTUALLY REGISTERED**



# Land

Print



Click Here: Book your NC High Country Vacation    Established 1986    Call: 800-462-6867

*Ex. 4*



About   Create Ad   Create Page   Developers   Careers   Privacy   Cookies   Ad Choices▷   Terms   Account Security   Login Help
Help

Facebook © 2018
English (US)   Español   Français (France)   中文(简体)   العربية   Português (Brasil)   Italiano   한국어   Deutsch   हिन्दी   日本語   ✚

● Chat (3)

Case 3:18-cv-00185-MOC-DCK   Document 1   Filed 12/28/18   Page 22 of 25

Leatherwood Homes, Lots and Vacation Rentals – Leatherwood POA



LEATHERWOOD HOMES, LOTS AND VACA

HOMES AND LOTS FOR SALE

VACATION RENTALS AND HOMES FOR RENT

BY ONSITE MANAGEMENT COMPANY

Leatherwood Rentals

BY OWNER

11/16/2018

https://leatherwoodpoa.com/leatherwood-homes-lots

Ex 5

11/16/2018

# Leatherwood Homes, Lots and Vacation Rentals – Leatherwood POA

Bear Cub Cabin 2bd/2ba

Bear Necessities 2bd/3ba

Catbird Seat 2bed/2bath

Creekside Cabin 1bd/2ba

Grand View Cabin 3bd/3ba

Hemlock Point Cabin 2bd/2ba

Horseshoe Ridge 3bd/3ba

Logged Inn 2bd/2ba

Ravenrock Cabin 3bd/3ba

Rollin' N the Hay 2bd/2ba

Viewpoint Cabin 1bd/2ba

https://leatherwoodpoa.com/leatherwood-homes-lots

Leatherwood Homes, Lots and Vacation Rentals – Leatherwood POA

© 2018 Leatherwood Mountains POA | Site customized by Lindsey Owen White

Photos on this site are used with permission or credit is given to the owner. Photos may not be copied, in whole or in part, or be reused in any way without the written consent of Lea

11/16/2018

https://leatherwoodpoa.com/leatherwood-homes-lots